BIG FOUR COAL & COKE CO., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11541. Promulgated December 19, 1927.

A. H. *Law, Esq.*, and R. M. *Crane, C. P. A.*, for the petitioner.
A. G. *Bouchard, Esq.*, for the respondent.

OPINION.

Van Fossan: The petitioner claims that it sustained a net loss, within the meaning of section 204 of the Revenue Act of 1918, in the year 1919, which exceeded its correct taxable income for the year 1918, and that such excess net loss is deductible from its 1920 taxable income. The respondent admits that the petitioner sustained a net loss in the year 1919, which was applied in reduction of its 1918 taxable income, but denies that there was any excess net loss deductible from 1920 taxable income. The controversy arises from the differences in the respective computations of 1918 taxable income and 1919 net loss. The petitioner alleges that the respondent incorrectly determined its 1918 taxable income in that he did not allow a sufficient deduction for the depletion of its Centennial Mine and incorrectly determined its 1919 net loss by refusing to include therein the loss sustained upon the sale of its Big Four Mine and equipment in the year 1919. It is alleged that by reason of such errors the respondent incorrectly determined that the 1919 net loss did not exceed the 1918 taxable income and accordingly that there was no excess net loss deductible from 1920 taxable income.

The principal question at issue is whether or not the respondent erred in excluding from the computation of the 1919 net loss, as

defined by section 204 of the Revenue Act of 1918, a loss alleged to have been sustained upon the sale of the Big Four Mine and equipment, capital assets of the petitioner, in the year 1919. It is incumbent upon the petitioner to establish as a basis for the consideration of this question that a loss was sustained upon the sale of said capital assets and the amount thereof.

We have found that the March 1, 1913, value of the Big Four Mine and equipment was $103,708.81. The only evidence of the cost or value of this mine and equipment on the date of sale, 1919, is the testimony of one witness that the petitioner's books show the gross value at that time to be $168,990.07, to which was added the sum of $3,221.62 for inventories, making a total of $172,211.69 for all property conveyed and transferred, as reflected by petitioner's records. No evidence was offered as to the individual items of property, the value or cost thereof, included in the alleged gross value of $168,990.07. There is no segregation whatever of the total alleged value. No evidence was offered of the amount of coal extracted from the Big Four Mine subsequent to March 1, 1913, the recoverable coal remaining in the mine on the date of sale, the additions, if any, to the equipment of the mine and the cost thereof, or the depletion and depreciation sustained in the operation of the mine between March 1, 1913, and the date of sale. It does not appear whether the value of $168,990.07, as shown by the books, represents the cost of the mine and equipment and additions or the March 1, 1913, value of the mine and equipment plus subsequent additions, less depletion and depreciation. Nor is the evidence sufficiently clear to enable us to determine what was received by the petitioner, in addition to the $25,000 cash payment, as consideration for the sale. The items of depreciation, amortization of development, and royalty coal alleged to have been credited pursuant to the contract of sale are not explained. No evidence was offered relative to the bases upon which the amounts credited for these items were computed nor has it been shown wherein such credits were made pursuant to the contract of sale. So far as that contract disclosed the petitioner was to receive, in addition to 77,400 tons of coal in lieu of pillars to be left in the mine, only an amount of coal equal, at the rate of 20 cents per ton, to the April 1, 1914, value of the equipment, plus the cost of additions thereto, less depreciation at the rate of 8 per cent per annum. Upon this record we are forced to conclude that the petitioner has not established that it sustained a loss in 1919 upon the sale of the Big Four Mine and equipment to the Colorado Fuel & Iron Co. In the absence of proof of such loss, we find that the respondent did not err in his determination of the net loss as defined in section 204, sustained by the petitioner in 1919.

The petitioner's Centennial Mine in Boulder County included three adjoining properties, only one of which it owned in fee. It is claimed that the respondent erred in his allowance for depletion of the fee property in the year 1918. We have found that the total extraction from the entire mine, the fee and leased properties, from 1913 to December 31, 1925, was 845,092 tons and that the coal in the fee property on the latter date had been entirely exhausted, except for some pillars left as supports. We also have found that 81,865 tons were extracted during the year 1918. There is no evidence, however, of the amount of coal extracted during the year from the leased and fee properties separately, so that we might determine how much of the 81,865 tons was extracted from the fee property alone. Nor was any evidence submitted as to the value of the property at the date of acquisition. There is no evidence of the basis employed by the respondent in his computation of the depletion allowance, except that the extraction for the year was found to be 12,098.03 tons. It was not shown that the tonnage extracted from the fee property was greater than that used by the respondent. We are, therefore, unable to determine the proper rate and amount of depletion allowable. On the record of the case before us, petitioner has failed to show that the respondent erred in his determination.

Attention is also called to the fact that the Court of Claims in *Auburn & Alton Coal Co.* v. *United States*, 61 Ct. Cls. 438, held that a loss sustained upon the sale of capital assets could not be allowed as a net loss under section 204 of the Revenue Act of 1918.

*Judgment will be entered for the respondent.*

Considered by MARQUETTE and PHILLIPS.